UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
www.flsb.uscourts.gov

In re:                                           CASE NO. 10-18891-JKO

**SNP BOAT SERVICE SA**                          CHAPTER 15
a/k/a SERVICE NAVIGATION
DE PLAISANCE BOAT SERVICE SA,

    Debtor in Foreign Proceedings.
_____/

**[PROPOSED] ORDER GRANTING RECOGNITION
OF FOREIGN DEBTOR'S *SAUVEGARDE* PROCEEDING AS
A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. § 1517(b)(1)**

THIS MATTER came before the Court on _____, 2010 at _____ __.m. for a hearing on the *Verified Petition for Recognition of Foreign Main Proceeding and for Provisional Relief Pursuant to Sections 1515 and 1519(a) of the Bankruptcy Code, Scheduling Hearing, Approving Notice and Incorporated Memorandum of Law* (the "*Verified Petition for Recognition*") [DE #__] filed by Pierre-Louis Ezavin, as the Foreign Representative of SNP Boat Service SA a/k/a Service Navigation De Plaisance Boat Service SA ("SNP Boat" or the "Foreign



Debtor"), a French company in reorganization proceedings under French law (the "*Sauvegarde* Proceeding"), seeking: (a) recognition of Pierre-Louis Ezavin, as the Foreign Representative of SNP Boat; and (b) recognition of the *Sauvegarde* Proceeding pending before the Commercial Court of Cannes, France (Tribunal de commerce de Cannes) (hereinafter, the "French Court"), as a foreign main proceeding pursuant to sections 1515 and 1517 of the title 11 of the United States Code (the "Bankruptcy Code"). Upon the Court's review and consideration of the *Verified Petition for Recognition* attesting to the pendency of the *Sauvegarde* Proceeding, to the need for provisional relief, to the nature of the proceedings in France, to the status of SNP Boat's *Sauvegarde* Proceeding and to the *Statement of the Foreign Representative* as Exhibit "4" of the *Verified Petition for Recognition* along with the incorporated memorandum of law; and finding that appropriate and timely notice of the filing of the *Verified Petition for Recognition* and the *Recognition Hearing* having been given by the Foreign Representative, pursuant to Bankruptcy Rules 1001(b) and 2002(q); and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and all interested parties having had an opportunity to be heard at the hearing;

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 109 and 1501;

2. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410;

3. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(P);

4. Pierre-Louis Ezavin is a "person" pursuant to 11 U.S.C. § 101(41) and is a "foreign representative" of the Foreign Debtor pursuant to 11 U.S.C. § 101(24);

5. This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515;

6. Pierre-Louis Ezavin has satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Bankruptcy Rules;

7. The *Sauvegarde* Proceeding currently pending under court case number PCL No. 2009J00094 before the French Court is a "foreign proceeding" pursuant to 11 U.S.C. § 1517;

8. The *Sauvegarde* Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517;

9. The *Sauvegarde* Proceeding is pending in France, where the center of main interest of the Foreign Debtor is located, and accordingly the *Sauvegarde* Proceeding is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and

10. Pierre-Louis Ezavin is entitled to all the relief provided pursuant to 11 U.S.C. § 1520 without limitation.

Accordingly, it is

**ORDERED** as follows:

A. Pierre-Louis Ezavin is the duly appointed foreign representative of the Foreign Debtor within the meaning of 11 U.S.C. § 1517(a);

B. The *Sauvegarde* Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1);

C. Upon entry of this Order, section 1520 of the Bankruptcy Code shall be given full force and effect and, among other things, within the territorial jurisdiction of the United States of America, all persons and entities shall be subject to the automatic stay imposed by section 362 of the Bankruptcy Code with respect to SNP Boat and any of its property within the territorial jurisdiction of the United States;

D. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and

E. A conformed copy of this Order shall be served by email or regular mail upon all known financial creditors of SNP Boat affected by the relief granted herein and upon the Office of the United States Trustee.

###

Submitted by:

Mark S. Roher
Adorno & Yoss LLP
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, Florida 33301
954-763-1200
954-766-7800 Fax
mroher@adorno.com

Attorney Roher is directed to serve a copy of this Order on all interested parties and file a Certificate of Service with the Court.