Tagged for publication



**ORDERED in the Southern District of Florida on June 30, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

**SNP Boat Service SA**,

  *a/k/a*

  *Service Navigation de*
  *Plaisance Boat Service SA*,

  Foreign Debtor.
  _____/

Case No. 10-18891-JKO

Chapter 15

**ORDER:**

**(1) Denying Foreign Representative's Motion for Protective Order [ECF No. 179];**

**(2) Denying Foreign Representative's Motion to Entrust** *M/Y Sixty Five*
**to Foreign Representative [ECF No. 37];**

**(3) Granting in-Part & Denying in-Part Creditor Hotel le St. James'**
**Compound Motion for Sanctions, etc. [ECF No. 184]; and**

**(4) Setting Status Conference.**

The court conducted a hearing on April 22, 2011 regarding the above motions and, following oral argument, took the matter under advisement. Having considered the arguments of counsel, the relevant portions of the record, and being otherwise fully advised, the court concludes that the conduct of the Foreign Representative during the pendency of this case is such that it calls into question whether the Foreign Representative is willing to abide by fundamental principles of due process required in judicial proceedings in the United States.

This case presents the odd scenario in which a Canadian court has determined that judgment in favor of a Canadian plaintiff against a French defendant is appropriate, and in which the French defendant has itself obtained an order from a French court in its *Sauvegarde* proceedings determining that the Canadian judgment was improperly entered and is unenforceable. The Canadian claimant asserts that it was denied fundamental due process in the proceedings in France. The Canadian claimant has domesticated the Canadian judgment in Florida and has attached the motor yacht *M/Y Sixty Five* which is now held by the United States Marshals Service *in custodia legis*. This Chapter 15 proceeding was instituted by the Foreign Representative of the French company for the purpose of obtaining possession of the *M/Y Sixty Five.* The French Foreign Representative, meanwhile, has resolutely refused to provide any discovery with respect to the proceedings in France, has been unable or unwilling to provide a docket or a complete court file of the relevant proceedings in France, and – despite its officers' and agents' repeated visits to South Florida – has refused to make anyone available for deposition (at which issues of due process could be explored).

Courts in the United States will recognize foreign proceedings as a matter of comity under the UNCITRAL Model Law, adopted in the United States as Chapter 15 of the Bankruptcy Code. When a foreign representative obtains recognition of a foreign main proceeding, and then proceeds to stonewall all efforts to assist a judicial determination as to whether due process was afforded, the

wisdom of an American court continuing to recognize the foreign main proceeding becomes questionable. The Foreign Representative has raised the so-called French blocking statute to impede discovery in these proceedings. United States courts have found that the blocking statute exists "to provide [French litigants] with tactical weapons and bargaining chips in foreign courts." *Compagnie Française d'Assurance Pour le Commerce Extérieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 30 (S.D.N.Y. 1984) (internal citation omitted). The United States Supreme Court has expressly found that the Hague Convention protocols are not the exclusive means for obtaining international discovery, notwithstanding a blocking statute. *Société Nationale Industrielle Aérospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 533-545 (1987). The Supreme Court noted that "[t]he French 'blocking statute,' . . . does not alter our conclusion. It is well settled that such statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Id.* at 544, n. 29 (citing *Société Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204-206 (1958)). Courts have routinely found that the French blocking statute and the Hague Convention do not relieve foreign parties of the obligation to comply with United States discovery when the parties are subject to the court's jurisdiction. *See In re Global Power Equip. Group, Inc.*, 418 B.R. 833, 847-851 (Bankr. D. Del. 2009) (declining to enforce French blocking statute or apply Hague Convention); *Bodner v. Paribas*, 202 F.R.D. 370, 375 (E.D.N.Y. 2000) (declining to enforce French blocking statute); *Valois of America v. Risdon Corp.*, 183 F.R.D. 344 (D. Conn. 1997) (declining to enforce French blocking statute); *Adidas (Can.) Ltd. v. SS Seatrain Bennington*, 1984 WL 423, *3-4 (S.D.N.Y. May 30, 1984) (declining to enforce French blocking statute).

Before the court are the Foreign Representative's Motion for Protective Order [ECF No. 179],[1] the Foreign Representative's Motion to Entrust *M/Y Sixty Five* to the Foreign Representative [ECF No. 37], and Creditor Hotel le St. James' compound motion and response to the Foreign Representative's motions [ECF No. 184]. The creditor's compound motion and response essentially asks the court to deny the Debtor's motions and to impose sanctions.

If discovery is not promptly had (*i.e.,* prior to the status conference set below) so that this court may determine whether due process was afforded in the French proceedings, the court will conclude that the order granting recognition of the foreign main proceeding [ECF No. 31] was improvidently entered, will revoke recognition of the foreign main proceeding, and will abstain from this matter under 11 U.S.C. § 305. The Foreign Representative's motions are accordingly denied. Creditor Hotel le St. James' compound motion and response is granted in-part and denied in-part (in that no sanctions will be awarded at this time). Pursuant to 11 U.S.C. § 105(d), the court will conduct a status conference on **August 19, 2011, in Courtroom 301, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida.**

SO ORDERED.

# # #

*The Clerk of Court is directed to provide copies of this order
to all interested parties registered to receive notice.*

---

[1] Purportedly filed on behalf of the Debtor, but filed by counsel for the Foreign Representative and seeking relief for the Foreign Representative.